UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE BLAIR,

Plaintiff,

v.

VISS, et al.,

Defendants.

No. 2:22-cv-0670 KJM DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force, failed to protect him, and retaliated against him in violation of his constitutional rights. Presently before the court is defendants' unopposed motion for summary judgment and motion to stay discovery and modify the discovery and scheduling order ("DSO"). (ECF Nos. 24, 25.) For the reasons set forth below, the undersigned will grant the motion to stay discovery and modify the DSO and recommend that this action be dismissed.

**UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

**I. Background**

By order dated July 19, 2022, the undersigned screened plaintiff's complaint. (ECF No. 6.) The undersigned determined that the complaint stated potentially cognizable excessive force, failure to protect, and retaliation claims. (Id. at 5-6.) The undersigned ordered service,

defendants filed an answer, and this action was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project. (ECF Nos. 6, 13, 20.) A DSO was issued on February 22, 2023. (ECF No. 23.) Thereafter, defendants filed the instant motion for summary judgment (ECF No. 24) and motion to stay discovery and modify the DSO (ECF No. 25).

**II. Defendants' Motion**

Defendants argue they are entitled to summary judgment because plaintiff failed to exhaust his retaliation claim. (ECF No. 24-2.)

**III. Plaintiff's Failure to Oppose Defendants' Motion for Summary Judgment**

Plaintiff did not file an opposition, statement of no opposition, or otherwise respond to defendants' motion for summary judgment within the time provided for by the Local Rules. By order dated June 2, 2023, the undersigned directed plaintiff to file an opposition or statement of no opposition to the summary judgment motion within thirty days. (ECF No. 27.) Plaintiff was warned that failure to comply with the order would result in a recommendation that this action be dismissed. Those thirty days have passed, and plaintiff has not filed an opposition, statement of no opposition, requested additional time to file an opposition or statement of no opposition, or otherwise responded to the court's order.

**A. Legal Standards**

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal, since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

**B. Analysis**

**1. Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since plaintiff filed the complaint on April 11, 2022.[1] Defendants motion for summary judgment has been pending since March 29, 2023. (ECF No. 24.) Plaintiff has not responded to the undersigned's June 2, 2023, order directing him to file an opposition or statement of no opposition within thirty days. (ECF No. 27.) His failure to respond has prevented this action from moving forward. Accordingly, this factor favors dismissal.

**2. Court's Need to Manage its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As set forth above, plaintiff has not responded to court orders or submitted any filings in this action since he submitted the complaint. Thus, it appears he has lost interest in litigating this action. Further, time spent by the court on this action would consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue. Accordingly, this factor weighs in favor of dismissal.

**3. Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Service, 833 F.2d 128, 131 (9th Cir. 1987)). The "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

The undersigned finds that under the circumstances, this factor should be given little weight. Plaintiff's failure to oppose defendant's partial motion for summary judgment does not appear to put defendants at any disadvantage. Alexander v. Arya, No. 2:20-cv-2294 CKD P, 2023 WL 4135904, at *1 (E.D. Cal. June 22, 2023) (citing Ferdik, 963 F.2d at 1262). However, unreasonable delay is presumed to be prejudicial. See e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006). Accordingly, this factor does not weigh strongly in either direction. Brown v. Borges, No. S-07-132 LKK KJM P, 2008 WL 3978265, at *1 (E.D. Cal. Aug. 26, 2008) (finding plaintiff's failure to oppose motion for summary judgment did not favor or mitigate against dismissal).

**4. Availability of Less Drastic Alternatives**

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff has been advised that failure to file a response to a motion for summary judgment would result in a recommendation that this action be dismissed. (ECF No. 23 at 9; ECF No. 27.) In light of the court's warning, this factor weighs in favor of dismissal.

**5. Public Policy Favoring Disposition of Cases on Their Merits**

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). The undersigned finds that the first, second, and fifth factors strongly support dismissal, the third factor is neutral and should be given little weight. Thus, the factors favoring dismissal outweigh the general public policy favoring disposition on the merits. See Ferdik, 963 F.2d at 1263. Accordingly, the undersigned will recommend that this action be dismissed.

**MOTION TO STAY DISCOVERY AND MODIFY DSO**

Defendants move to stay discovery and modify the DSO pending resolution of their motion for summary judgment. (ECF No. 25.) In support of their motion, they argue that issuance of a stay and vacation of the deadlines set forth in the DSO preserve resources in conducting discovery and preparing a merits-based summary judgment motion. As set forth

above, plaintiff has not filed an opposition, statement of non-opposition, or otherwise responded to the defendants' motion.

The court has broad discretion to manage discovery. Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Federal Rule of Civil Procedure 26(c)(1) provides that the court may, for good cause, issue a protective order or stay of discovery if it determines such order will promote efficiency. Fed. R. Civ. P. 26(c); Litle v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the court finds good cause to grant defendant's motion to stay discovery. A stay of merits-based discovery pending resolution of the exhaustion-based motion for summary judgment will preserve resources. Additionally, vacating the deadlines in the DSO is warranted in light of plaintiff's lack of opposition and failure to respond to this motion, the motion for summary judgment, or the court's June 2, 2023, order. In the event this case is not resolved by a final ruling on defendants' instant motion for summary judgment, the undersigned will issue new deadlines for completing discovery and filing dispositive motions.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery and modify the DSO (ECF No. 25) is granted; and

2. The deadlines for completing discovery and filing pretrial motions in the DSO are vacated.

IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 24) be denied as moot and this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen (14) days after service of the objections. The

parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/blai0670.no.opp+stay.dso