UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE BLAIR, | No. 2:22-cv-0670 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| VISS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force, failed to protect him, and retaliated against him in violation of his constitutional rights. For the reasons set forth below, the undersigned will vacate the August 7, 2023, findings and recommendations and recommend that defendants' motion for summary judgment be granted.

**BACKGROUND**

Upon screening the complaint, the undersigned determined that the complaint contained cognizable excessive force, failure to protect, and retaliation claims against defendants. (ECF No. 6 at 5-9.) Following service and a brief period of discovery, defendants filed a motion for partial summary judgment arguing that plaintiff failed to exhaust administrative remedies as to his retaliation claim on March 29, 2023. (ECF No. 24.) By order dated June 2, 2023, the undersigned directed plaintiff to file an opposition within thirty days. (ECF No. 27.) Plaintiff

was warned that failure to file an opposition would result in a recommendation that this action be dismissed.  (Id.)  Plaintiff did not file an opposition, statement of no-opposition, or otherwise respond to the court's June 2, 2023, order.  In light of plaintiff's failure to respond, the undersigned issued findings and recommendations recommending that defendants' summary judgment motion be denied as moot and this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 28.)

Plaintiff has filed objections to the findings and recommendations.  (ECF No. 29.)  Therein, plaintiff states that he did not respond to the motion for summary judgment because he does not oppose dismissal of his retaliation claim.  (ECF No. 29 at 1.)  However, plaintiff also states that he is opposed to dismissal of his other claims in this action.  (Id. at 1-2.)  In light of plaintiff's intent to continue with this action, the undersigned will vacate the August 7, 2023, findings and recommendations and as discussed below, recommend that the motion for partial summary judgment be granted.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. Summary Judgment under Federal Rule of Civil Procedure 56

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case."  Oracle

1  Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).
2  Indeed, summary judgment should be entered, "after adequate time for discovery and upon
3  motion, against a party who fails to make a showing sufficient to establish the existence of an
4  element essential to that party's case, and on which that party will bear the burden of proof at
5  trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element
6  of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such
7  a circumstance, summary judgment should "be granted so long as whatever is before the district
8  court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is
9  satisfied." Id.

10      If the moving party meets its initial responsibility, the burden shifts to the opposing party
11  to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.
12  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the
13  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
14  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
15  admissible discovery material, in support of its contention that the dispute exists. See Fed. R.
16  Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a
17  fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty
18  Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809
19  F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a
20  reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

21      "In evaluating the evidence to determine whether there is a genuine issue of fact, [the
22  court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls
23  v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation
24  omitted). It is the opposing party's obligation to produce a factual predicate from which the
25  inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir.
26  1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
27  show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586
28  (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to

3

find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

**II.     Exhaustion of Administrative Remedies**

Because plaintiff was an inmate at the time of the events giving rise to the claim and the complaint involves allegations related to the conditions of her confinement, her claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

4

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, an inmate must pursue an appeal through all levels of the facility's grievance process so long as some remedy remains available. "The obligation to exhaust 'available' remedies persists so long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original). In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that

////

there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

A prisoner is required to exhaust administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium). Section 1997e(a) mandates that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42 U.S.C. § 1997e(a). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained." Booth, 532 U.S. at 738. "Exhaustion subsequent to the filing of suit will not suffice." McKinney, 311 F.3d at 1199.

## DISCUSSION

### I. Allegations in the Complaint

Plaintiff alleges that on July 18, 2019, he requested an administrative grievance form and a copy of California Code of Regulations title 15. (ECF No. 1 at 5.) After numerous officers denied his request, plaintiff blocked his cell window with a sheet and laid on his bed. (Id.) Plaintiff claims officers entered his cell while he was lying on the bed with his hands under his head. Defendant Viss "forcefully rammed" plaintiff in the back with a polycarbonate shield. Defendants Cox, Anaya, and Ruiz struck plaintiff with a closed fist in his head while shouting, "stop resisting."

Plaintiff claims officers often yell at inmates to stop resisting, even when they are not resisting, to sway witnesses. (Id. at 5-6.) He further alleges that defendants Francisco-Justo and Reynolds witnessed the assault and failed to stop it or otherwise intervene. (Id. at 6.) Plaintiff states he did not resist at any point.

Plaintiff further alleges that after the incident Viss, Cox, Anaya, Ruiz, Francisco-Justo, and Reynolds retaliated by giving him a rules violation report ("RVR") because he reported the incident. (Id. at 7.)

### II. Motion for Summary Judgment

Defendants argue that plaintiff failed to exhaust administrative remedies as to his retaliation claim because he failed to submit a grievance regarding this claim before filing this action. (ECF No. 24-2 at 10-11.) Defendants allege that plaintiff filed grievances regarding his

1  allegations that defendants used excessive force and failed to protect him, but failed to submit a
2  grievance alleging that defendants issued an RVR against him in retaliation for reporting the July
3  18, 2019, force incident. (Id.) Defendants further argue that plaintiff is not excused from the
4  PLRA's exhaustion requirement because plaintiff had access to the grievance process during the
5  relevant time period. (Id. at 12.) As set forth above, plaintiff does not oppose defendants' motion
6  for summary judgment.

### III. Undisputed Facts

At all relevant times, plaintiff was a California Department of Corrections and Rehabilitation ("CDCR") inmate housed at High Desert State Prison ("HDSP"). (ECF No. 24-3 at ¶ 1.) The allegations in the complaint involve a use of force incident that occurred on July 18, 2019. (ECF No. 24-3 at ¶ 3.)

CDCR and HDSP had an administrative grievance procedure that allowed inmates to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. (ECF No. 24-3 at ¶ 5.) Prior to June 1, 2020, CDCR inmates were required to follow the procedures set forth in California Code of Regulations, title 15, §§ 3084-3085. (ECF No. 24-3 at ¶ 6.) During the relevant time, an inmate appeal was initiated by submission of a CDCR Form 602, also referred to as an appeal or grievance. (ECF No. 24-3 at ¶ 7.) Inmates were required to describe the problem and the action requested in the appeal form. (ECF No. 24-3 at ¶ 8.)

Plaintiff filed multiple grievances between the time the events giving rise to the allegations occurred, on July 18, 2019, and the date he filed the complaint, April 15, 2022. (ECF No. 24-3 at ¶ 20.) Plaintiff submitted several grievances during the relevant time period relate to the allegations in the complaint. (ECF No. 24-3 at ¶ 21.)

Those grievances are:

- Appeal Log Number HDSP-Z-19-02905:
  Plaintiff alleged that "on July 18, 2019, numerous officers barged into his cell, unprovoked, and hit him on the back with a shield, then struck him in the face with closed fists, causing him to lose consciousness." (ECF No. 24-3 at ¶ 22.)

- Appeal Log Number HDSP-Z-19-03118:

    Plaintiff challenged as false the RVR he received following the July 8, 2019 incident. (ECF No. 24-3 at ¶ 24.) This appeal was rejected because the RVR had not yet been adjudicated. (Id.)

- Appeal Log Number HDSP-19-03849:

    Plaintiff filed another grievance challenging the RVR he received based on the July 18, 2019, incident stating that he was denied due process because the Senior Hearing Officer refused to consider relevant evidence, permitted involved staff to be within earshot, and stated plaintiff declined to make a statement even though plaintiff provided a written statement. (ECF No. 24-3 at ¶ 25.)

Plaintiff filed two other grievances, one inquiring about the status of grievance log number HDSP-19-02905, and another complaining that HDSP-Z-19-02905 was not timely processed. (ECF No. 24-3 at ¶¶ 27, 28.)

**IV.     Analysis**

Defendants have put forth evidence indicating that while plaintiff filed grievances regarding other claims in this action, he did not submit any grievance putting prison officials on notice of his allegation that defendants retaliated against him because he filed a grievance regarding the events of July 18, 2019. (ECF No. 24.) Plaintiff has stated that he does not oppose the granting of the motion for summary judgment. (ECF No. 29.)

In light of the evidence put forth by defendants showing that plaintiff failed to exhaust, as well as plaintiff's statement of no-opposition, the undersigned will recommend that plaintiff's federal claims be dismissed for failure to exhaust. See Solis v. Gonzales, 2019 WL 6528883 at *2 (E.D. Cal. Dec. 4, 2019) (recommending summary judgment be granted and retaliation claim be dismissed for failure to exhaust); see also Infra-Lab, Inc. v. KDS Nail Intern, No. CIV. 07-01270 WBS EFB, 2009 WL 161197, at *1 (E.D. Cal. Jan. 22, 2009) (granting defendant's motion for summary judgment based on plaintiff's statement of non-opposition).

////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the August 7, 2023, findings and recommendations (ECF No. 28) are vacated.

IT IS HEREBY RECOMMENDED that defendants' motion for partial summary judgment (ECF No. 24) be granted, and this action proceed solely on plaintiff's excessive force claim against defendants Viss, Cox, Anaya, and Ruiz and his failure to protect claims against defendants Francisco-Justo, and Reynolds.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/blai0670.vac.fr+unoppo msj exh

9